IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**VICTORIA STURDIVANT**     **PLAINTIFF**

**v.**     **CIVIL ACTION NO. 3:21-CV-00202-GHD-RP**

**TALLAHATCHIE GENERAL HOSPITAL AND**
**ROBERT CARTER, INDIVIDUALLY**     **DEFENDANTS**

**<u>OPINION GRANTING DEFENDANTS' MOTION TO DISMISS</u>**

Presently before the Court is the Defendants' Motion to Dismiss [9], in response to the Plaintiff's Complaint [1] alleging a violation of the Employee Retirement Income Security Act ("ERISA") [1 at ¶¶ 20-23]; a breach of a contract between the Plaintiff and Defendant Tallahatchie General Hospital (herein "Defendant Hospital") [1 at ¶¶ 24-28]; and a claim of tortious interference against Defendant Robert "Rob" Carter, in his individual capacity [1 at ¶¶ 29-32]. For the reasons stated herein, the Defendants' Motion to Dismiss shall be granted.

**I.**     **<u>Factual and Procedural Background</u>**

The Plaintiff is a resident of Tallahatchie County, Mississippi [1 at ¶ 1]. Defendant Hospital, which is located in Charleston, Mississippi [1 at ¶ 2], is a community hospital and a political subdivision of the State of Mississippi [10 at 4]. Defendant Robert Carter is a physician employed by Defendant Hospital [1 at 3]. Defendant Hospital hired the Plaintiff as a family nurse practitioner on February 21, 2017, and the two parties entered into an employment agreement contract on September 10, 2019 [1 at ¶¶ 8-9]. In the subsection titled "General Qualifications," the employment agreement contract states that the Plaintiff "shall remain duly licensed and in good standing to practice as a Certified Family Nurse Practitioner as authorized and licensed by the Mississippi Board of Nursing and otherwise in compliance with all applicable laws and regulations of the State of Mississippi, including maintaining a relationship with a collaborating physician as

1

required for advanced practice nursing" [1-1 at 1]. In the subsection titled "Benefits," the employment agreement contract states that the Plaintiff, as the Employee in the relationship, "shall be entitled to participate and receive employee benefits, including but not limited to health insurance for Employee's immediate family" and shall also be "entitled to participate in Employer's qualified retirement plan" [1-1 at 3]. In the subsection titled "Termination by Employer," the contract states that Defendant Hospital, as the Employer in the relationship, "may terminate this Agreement at any time without cause upon ninety (90) days written notice to Employee" [1-1 at 5]. However, in a separate subsection titled "Termination for Cause by Hospital," the contract states that Defendant Hospital "shall have the absolute right, upon giving written notice of termination to Employee, to terminate this Agreement, and Employee's employment hereunder shall terminate upon the giving of such notice in the event of" several possible causes [1-1 at 6].

On September 9, 2021, the Plaintiff filed her Complaint [1]. In it, she states that Defendant Carter was her collaborating physician while she was employed by Defendant Hospital, and that in this role, he signed off on the Plaintiff's medical orders, notes, treatments, and the like [1 at ¶ 13]. The Plaintiff does not present any evidence to support this statement, such as a written agreement between herself and Defendant Carter, nor does she indicate if this relationship between the Plaintiff and Defendant Carter was ever reduced to writing.

In her Complaint, the Plaintiff alleges that on October 27, 2020, she received a letter from Defendant Carter that was written on paper featuring Defendant Hospital's letterhead [1 at ¶ 13]. She further alleges that in said letter Defendant Carter wrote that he was "terminating our (i.e., his and Plaintiff's) collaborative agreement effective immediately" [1 at ¶ 15]. The Plaintiff did not include a copy of this letter with her Complaint, and has not made it a part of the record since then.

2

However, she characterized it as an "immediate withdrawal from her employment contract" [1 at ¶ 16]. The Plaintiff argues that Defendant Carter's letter constituted a breach of contract between the Plaintiff and Defendant Hospital, because it violated the terms of her employment agreement contract with Defendant Hospital by terminating the Plaintiff without a ninety-day written notice [1 at ¶¶ 18, 24-28]. She also alleges that "[b]y terminating Plaintiff without giving the requisite 90 days written notice," Defendant Hospital "intentionally discriminated against Plaintiff and interfered with Plaintiff's ERISA protected rights with regard to health insurance and retirement benefits" [1 at ¶ 22], specifically violating Section 510 of ERISA [1 at ¶ 23]. Lastly, the Plaintiff alleges in her Complaint that Defendant Carter, having knowledge of the employment relationship between the Plaintiff and Defendant Hospital, acted maliciously and with the intent to harm the Plaintiff by conveying the letter he wrote to her.

On November 15, 2021, the Defendants filed their Motion to Dismiss for Failure to State a Claim [9], and its corresponding Memorandum in Support [10]. In said documents, they cited Federal Rules of Civil Procedure 12(b)(6) as support for their contention that the Court should dismiss the Plaintiff's claims because she has failed to state a claim upon which relief could be granted [9, 10]. Specifically, they argued that the Plaintiff's ERISA claim should be dismissed because the retirement plan provided by Defendant Hospital is a governmental plan, since Defendant Hospital is a Mississippi community hospital, and is therefore outside the bounds of ERISA [10 at 3-4].

The Defendants also argued that the Plaintiff's breach of contract claim against Defendant Hospital should be dismissed because the Complaint contends that Defendant Carter withdrew from his collaborative agreement with the Plaintiff and does not contend that Defendant Hospital withdrew from its employment agreement contract with the Plaintiff [10 at 6]. The Defendants

3

further argued that because the employment agreement contract obligated the Plaintiff to maintain a relationship with a collaborating physician, the Plaintiff therefore breached the terms of the contract when Defendant Carter terminated his collaboration agreement with her [*Id.* at 7]. Lastly, the Defendants argued that this claim should be dismissed because the Complaint never explicitly alleges that the Plaintiff was terminated without cause, and "it is just as plausible, based on the Complaint, that Plaintiff was terminated with cause and thus not entitled to any notice at all" [*Id.*].

As to the Plaintiff's tortious interference claim against Defendant Carter, the Defendants argued that this claim should be dismissed as well because Defendant Carter withdrew from his collaboration agreement with the Plaintiff and because a party cannot interfere with its own relationship or contract [*Id.* at 8]. The Defendants further argued that, even assuming that this was not so, the Complaint concedes that Defendant Carter is one of Defendant Hospital's employees, and that as an employee in a position of responsibility, Defendant Carter was privileged to interfere with the contractual relationship between the Plaintiff and Defendant Hospital [*Id.*]

In essence, the Defendants argued that the Plaintiff cannot have it both ways. Either Defendant Carter was acting as an employee of Defendant Hospital when he terminated the collaboration agreement between himself and the Plaintiff, in which case Defendant Hospital could possibly be liable for breach of contract but Defendant Carter, as an employee in a position of responsibility, could not be liable for tortious interference. Alternatively, Defendant Carter was acting as a third party when he terminated the collaboration agreement between himself and the Plaintiff, in which case Defendant Carter could possibly be liable for tortious interference but Defendant Hospital could not be liable for breach of contract based on his actions.

On December 6, 2021, the Plaintiff filed her Response in Opposition to the Defendants' Motion to Dismiss [15]. In it, she agreed to the dismissal of her ERISA claim [*Id.* at ¶ 1]. As to

4

the breach of contract claim, the Plaintiff clarified her argument, contending that Defendant Hospital breached the contract between itself and the Plaintiff by having its employee, Defendant Carter, end his collaboration agreement so that the Plaintiff's contract with Defendant Hospital would be automatically terminated [*Id.* at ¶ 3]. As to the tortious interference claim, the Plaintiff argued that Defendant Carter should be liable for this claim because he acted with malice by terminating without justification his collaboration agreement with the Plaintiff so as to cause the Plaintiff's contract with Defendant Hospital to be terminated [*Id.* at ¶ 8].

On December 13, 2021, the Defendants filed their Reply to the Plaintiff's Response [16]. In it, they noted that the Plaintiff had agreed to dismiss her ERISA claim, which was the only federal question in this case and thus the only issue bringing this matter before the Court [19 at 1]. Since this issue has been resolved through the Plaintiff's concession, the Defendants urged the Court to dismiss the state-law claims as well, rather than choose to retain its supplemental jurisdiction in the case *sub judice*. Turning to the substance of those claims, the Defendants reiterated their arguments that the Plaintiff's Complaint fails to provide facts sufficient to support a well-pleaded claim [*Id.* at 2]. They also argued that the Plaintiff attempted to use her Response impermissibly to fill in the holes in her Complaint [*Id.* at 3].

The matter is now ready for review.

## II.     Legal Standards

### A. Dismissal Under Rule 12(b)6

When considering a Rule 12(b)(6) claim, the Court is limited by the allegations in the complaint itself, along with any documents attached to the complaint. *Walker v. Webco Indus., Inc.*, 562 Fed.App'x 215, 216–17 (5th Cir. 2014) (per curiam) (citing *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004)). The complaint must contain facts

that, if accepted as true, would support a claim for relief that is facially plausible. *Phillips v. City of Dallas, Tex.*, 781 F.3d 772, 775–76 (5th Cir. 2015) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A claim is facially plausible when the facts underlying the claim allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Webb v. Morella*, 522 Fed.App'x 238, 241 (5th Cir. 2013) (quoting *Fernandez–Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (internal quotation marks omitted)). Dismissal is warranted when a plaintiff fails to present sufficient facts to support the elements of the causes of actions articulated in the complaint, and has thereby failed to advance their complaint beyond mere speculation. *Emesowum v. Houston Police Dep't*, 561 F. App'x 372, 372 (5th Cir. 2014) (per curiam) (citing *Twombly*, 550 U.S. at 555, 570, 127 S. Ct. 1955). "Factual allegations that are 'merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief,' and thus are inadequate." *Walker v. Beaumont Independent School District*, 938 F.3d 724, 735 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555).

### III. Analysis

The Court begins by noting that the Plaintiff agreed to dismiss her ERISA claim [15 at ¶ 2]. As this is the only federal question at issue in the case *sub judice*, the Court notes that the remaining claims between the parties should belong in state court. Turning to the substance of the Complaint, the Court agrees with the Defendants' contention that the Plaintiff's Complaint "fails to bridge the gap between [Defendant] Carter ending his collaborative agreement and the Employment Agreement terminating" [16 at 3]. The Complaint fails to provide any specific

information regarding the termination of the employment agreement contract between Defendant Hospital and the Plaintiff. Instead, it states without any support that Defendant Carter's immediately effective termination of the collaboration agreement between himself and the Plaintiff equated to the immediately effective termination of the employment agreement between the Plaintiff and Defendant Hospital. Moreover, the Complaint fails to provide the terms or details of the collaboration agreement between the Plaintiff and Defendant Carter. The Complaint also muddies the waters surrounding its parallel breach of contract and tortious interference claims, in that it treats Defendant Carter as an agent of Defendant Hospital in the former and as an interfering third party in the latter. The Plaintiff also claims that Defendant Hospital acted by "immediately withdrawing Plaintiff's employment contract" [1 at ¶ 26], but fails to present facts to support this contention. Instead, it only relates to Defendant Carter's immediate termination of the collaboration agreement between himself and the Plaintiff. In short, the Complaint merely provides conclusory allegations and rote recitations of the elements required to succeed on its claim, without providing adequate factual material. As such, it is insufficient in the face of a motion to dismiss.

## IV. Conclusion

For the above-stated reasons, the Court finds that the Plaintiff has failed to present sufficient facts to support a plausible claim against the Defendants. The Plaintiff has conceded her ERISA claim against Defendant Hospital, and so that claim shall be dismissed with prejudice. The remaining claims are dismissed without prejudice. The Court thus finds that the Defendants' Motion to Dismiss for Failure to State a Claim [9] is well-taken, and shall be GRANTED.

An Order in accordance with this Opinion shall issue this day.

THIS, the 18th day of April, 2022.

/s/ Glen H. Davidson
SENIOR U.S. DISTRICT JUDGE